J. Lowell Oakes, Jr., Plaintiff, *v.* Ruby Schinasi, Defendant.

Supreme Court, Special Term, New York County, November 8, 1946.

*Seth V. Elting, David N. Fields* and *William Saxe* for defendant.

*Clinton De Witt Van Siclen* and *Harry E. Hasselmann* for plaintiff.

Walter, J. Plaintiff alleges that the owner of an apartment building agreed to accept him as a tenant of an apartment therein if defendant would surrender and cancel her existing lease thereof, which was for a term extending from October 1, 1945, to September 30, 1946; that defendant required plaintiff to purchase certain personal property for $1,250 " as a condition to the surrender and cancellation of her lease and the rental of the apartment by plaintiff "; that on or about November 21, 1945, plaintiff paid defendant said sum for said property " not for use or consumption in the course of trade or business "; and on or about December 1, 1945, the owner leased the apartment to plaintiff for the term December 1, 1945, to September 30, 1946, at a rental of $216.67 per month, which was the maximum rental established therefor by the Price Administrator.

By this action plaintiff seeks to recover three times said sum of $1,250 plus an attorney's fee upon the theory that there has been a violation of a regulation promulgated by the Price Administrator pursuant to the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) which provides that " no person shall require a tenant or prospective tenant to purchase or agree to purchase furniture or any other property as a condition of renting housing accommodations unless the prior written consent of the Administrator is obtained." (Rent Regulation for Housing in New York City Defense-Rental Area, § 9, subd. [b]; 10 Federal Register 11669.) It is alleged that such consent was not obtained.

Defendant moves to dismiss the complaint as insufficient.

Of course the owner could not have rented the apartment to plaintiff for the term for which it was rented to plaintiff unless defendant surrendered her existing lease, and it must be assumed from the face of the complaint that defendant would not surrender her lease unless plaintiff bought the property mentioned. But I do not think that in any just or accurate sense it can be said that defendant required the purchase as a condition of renting housing accommodations. She required it as a condition of surrendering her own lease, which she had a perfect right to keep or surrender as she saw fit and upon such conditions as she saw fit to impose and could get.

I think, therefore, that no violation of law is shown and that the complaint is therefore insufficient.

The motion to dismiss is accordingly granted.